IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO A.M.S., | Civil No. 1:26-cv-04302-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | A# 209-416-908 |
| CHRISTOPHER CHESTNUT, WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*, | |
| Respondents. | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Rolando A.M.S.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, and a motion for a temporary

restraining order, Dkt. No. 2.

He came to the United States as an unaccompanied minor on October 5, 2016.

Dkt. No. 1, at pg. 2.  Upon arrival, he was apprehended by the border, and 21 days later,

he was released into the United States.  *Id*.  That release reflects a determination by the

Department of Homeland Security ("DHS") that his release was appropriate because he

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

posed no danger or flight risk warranting detention.  Petitioner has complied with all conditions and requirements of his release, and over the past ten years, has developed significant ties to his community, obtaining steady work as a construction worder and filing taxes.  *Id*.  He is in removal proceedings, though he is not subject to a final order of removal.  *Id*. at pgs. 2-3.  And DHS's prior determination that Petitioner was neither a flight risk nor a danger to the community has borne out, as Petitioner has no criminal history.  But on February 21, 2026, Petitioner was stopped by ICE while his friend was driving him to work in Miami, Florida.  He was arrested and detained without any prior notice and was given no reason for his arrest.  He has remained in custody since.

Petitioner now invokes this court's habeas jurisdiction.  In his first and second claims for relief, he contends that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights.  *Id.* at pgs. 17-18.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.*,  *J.E.R.M. v. Chestnut*, No. 1:26-CV-03049-MWJS, 2026 WL 1235223 (E.D. Cal. May 5, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Abdoulaye D. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03015-MWJS,  2026 WL 1103597 (E.D. Cal. Apr. 23, 2026); *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *see*

2

*also Robles-Rodriguez v. Lyons*, No. 1:25-cv-02001, 2026 WL 303482 (E.D. Cal. Feb. 4, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above."  Dkt. No. 5.  The court appreciates Respondents' timely and candid opposition.  Dkt. No. 6.  Although Respondents maintain that Petitioner's detention is lawful, given his arrival in the United States as an unaccompanied minor, they do not present any factual or legal issues in this case that would render it substantively distinguishable from those in the precedents cited above.  *Id*.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED for the reasons stated in those prior orders.  Given the foregoing, Petitioner's Motion for a Temporary Restraining Order, Dkt. No. 2, is DENIED AS MOOT.

Respondents are ORDERED to immediately release Petitioner Rolando A.M.S. (A# 209-416-908) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-

deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 12, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-04302-MWJS, *Rolando A.M.S. v. Chestnut, et al*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS